Aaron T. Winn, State Bar No. 229763
Stefanie Warren, State Bar No. 244038
Evan Mix, State Bar No. 287504
McKENNA LONG & ALDRIDGE LLP
600 West Broadway, Suite 2600
San Diego, California 92101-3372
Telephone No.: 619.236.1414
Fax No.:      619.645.5352
E-Mail:   awinn@mckennalong.com
          swarren@mckennalong.com
          emix@mckennalong.com

Attorneys for Plaintiff
Welk Resort Group, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELK RESORT GROUP, INC., a California Corporation;<br><br>Plaintiff,<br><br>v.<br><br>VO FINANCIAL CORP., a New Jersey corporation,; VO FINANCIAL IN, INC. a New Jersey corporation; VO FINANCIAL MA, INC. a New Jersey Corporation; VO FINANCIAL NJ, INC., a New Jersey Corporation; VO FINANCIAL SC, INC. a New Jersey corporation, ADAM LACERDA, a New Jersey resident; ASHLEY LACERDA, a New Jersey resident; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. **'13CV0549 JM   NLS**<br><br>**COMPLAINT FOR:**<br>**(1) INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS;**<br>**(2) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE;**<br>**(3) UNFAIR COMPETITION; AND**<br>**(4) VIOLATIONS OF THE LANHAM ACT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Welk Resort Group, Inc. alleges as follows:

1.  Welk is and was, at all times mentioned herein, a California corporation doing business in the County of San Diego, State of California.

2.  Defendant VO Financial Corp. (VO Financial) is and was, at all times mentioned herein, a New Jersey corporation doing business in the County of

1

San Diego, State of California. VO Financial purports to be a "timeshare research and resolution firm" that supposedly offers a mortgage reduction program and timeshare rental services. In reality, VO Financial uses a variety of false pretenses to convince timeshare owners into believing that if they pay money to VO Financial, they no longer need to make their loan or maintenance fee payments to Welk. In fact, VO Financial pockets the money they fleece from timeshare owners and then allows the timeshare owners to default on their contractual obligations to Welk.

3. Defendant VO FINANCIAL IN, INC. (VO Financial IN) is and was, at all times mentioned herein, a New Jersey corporation doing business in the County of San Diego, State of California. Employees of VO Financial IN are making repeated and harassing phone calls to Welk owners residing in California and beyond.

4. Defendant VO FINANCIAL MA, INC. (VO Financial MA) is and was, at all times mentioned herein, a New Jersey corporation doing business in the County of San Diego, State of California. Employees of VO Financial MA are making repeated and harassing phone calls to Welk owners residing in California and beyond.

5. Defendant VO FINANCIAL NJ, INC. (VO Financial NJ) is and was, at all times mentioned herein, a New Jersey corporation doing business in the County of San Diego, State of California. Employees of VO Financial NJ are making repeated and harassing phone calls to Welk owners residing in California and beyond.

6. Defendant VO FINANCIAL SC, INC. (VO Financial SC) is and was, at all times mentioned herein, a New Jersey corporation doing business in the County of San Diego, State of California. Employees of VO Financial SC are making repeated and harassing phone calls to Welk owners residing in California and beyond.

7. Defendant ADAM LACERDA is and was, at all times mentioned herein, the CEO and President of VO Financial. Welk is informed and believes and based thereon alleges that Mr. Lacerda is a resident of New Jersey.

/ / /

/ / /

8.   Defendant ASHLEY LACERDA is and was, at all times mentioned herein, the co-founder of VO Financial. Welk is informed and believes and based thereon alleges that Mrs. Lacerda is a resident of New Jersey.

9.   Welk is informed and believes and based thereon alleges that at all times mentioned herein, defendants and DOES 1 through 25, and each of them, were agents, servants, co-conspirators, partners, representatives, or employees of the other defendants and at all times mentioned herein each of the defendants was acting in the course and scope of his or her agency, employment, partnership, or representation. All defendants are hereafter referred to collectively as "VO Financial."

10.   Welk is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 25 and therefore sues such defendants by these fictitious names. Welk is informed and believes and thereupon alleges that each of the fictitiously named defendants is responsible in some manner for the events alleged herein.

## JURISDICTION & VENUE

11.   The jurisdiction of this Court is based upon 28 U.S.C. § 1331 and § 1332. Jurisdiction is proper under section 1331 because Welk alleges a federal claim under the Lanham Act against VO Financial. Jurisdiction is proper under section 1332 as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of fees and costs.

12.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as VO Financial has purposefully contacted Welk owners that reside in San Diego County, California, and because the Welk Resort is located in San Diego County, and because a substantial part of the actions or omissions giving rise to the claim occurred in this judicial district.

## BACKGROUND

13.   Welk offers its owners an international vacation timeshare program and provides financing to consumers who wish to purchase a Welk timeshare. Welk's

timeshare programs allow owners the flexibility to stay at various Welk Resort timeshare properties and access thousands of other timeshare properties around the world.

14. Some Welk owners own fractional real property interests at various Welk timeshare locations. Other Welk owners participate in Welk's Platinum Points system. Under both programs, the frequency of the vacations, the size of the accommodations, the duration of the stays, and the timing of the vacation depend upon the number of Platinum Points (or equivalent real property interests) purchased by the Welk owner.

15. Welk owners pay annual maintenance fees so that Welk properties are updated, maintained, and kept in good repair.

16. Welk was started by Lawrence Welk and is still managed by Lawrence Welk's direct descendants. Because of this connection to Lawrence Welk, and what he represents, the Welk name is critical to Welk's business. Welk prides itself on providing excellent customer service and in maintaining the goodwill and respect of its owners.

17. Maintaining the trust and respect of its owners is particularly important because a significant portion of Welk's revenue is derived from existing owners who upgrade their timeshare plans by purchasing additional points or timeshare interests so that they can reserve larger accommodations, reserve more weeks of vacation, reserve vacations during peak seasons, and receive other perks.

18. Recently, dozens of Welk owners have called Welk to complain that they have been receiving misleading and unsolicited phone calls from VO Financial.

19. VO Financial's representatives use a variety of approaches in their telemarketing calls. In some calls, VO Financial tries to build upon the goodwill that Welk has spent years developing with its owners by either directly or indirectly suggesting that VO Financial is associated with Welk. And if a Welk owner is deceived into believing that VO Financial is somehow affiliated with Welk, VO Financial does not correct the mistaken association.

4

20. In other calls, the VO Financial representative tells Welk owners that he or she is an "investigator" looking into complaints about Welk, creating the false impression that the "investigator" is associated with either Welk or some regulatory body.

21. VO Financial also spins a variety of false tales in an effort to obtain money from Welk owners and disrupt Welk's relationship with its owners. For example, VO Financial has misled Welk owners into believing that it was performing a customer service satisfaction survey (so that it could acquire confidential information about Welk owners' accounts), has falsely claimed to be Welk's collection agency, has falsely accused Welk of selling its customer information to VO Financial, has falsely accused Welk of illegal lending practices, and has led Welk owners to believe that paying money to VO Financial would eliminate the need for them to pay Welk. All of these ruses share a common goal: to either scare or persuade Welk owners into paying money to VO Financial.

22. This is the same type of scam that VO Financial's predecessor, VO Group LLC, used against other timeshare owners. In fact, on May 3, 2012, the United States of America unsealed an indictment against VO Group LLC co-owner Adam Lacerda (now President of VO Financial) for falsely telling timeshare owners that paying VO Group LLC would relieve these owners of their obligations. In reality, it appears that VO Group LLC merely pocketed more than $2.6 million and left the customers with their debts.

23. VO Group LLC is now VO Financial. Notwithstanding the indictment, VO Financial has continued to carry-on VO Group LLC's unlawful business practices in the hopes that it can continue to defraud timeshare owners.

24. For example, VO Financial leads Welk owners to believe that VO Financial will work with Welk to cancel the owners' mortgage and eliminate the owners' debt under a purported debt reduction program.

///

5

25. The debt reduction program offered by VO Financial is designed to collect money from Welk owners, to instruct Welk owners to cease paying Welk and to encourage Welk owners to not communicate with Welk. The result of this "program" is that VO Financial fleeces owners of thousands of dollars, while Welk owners default on their legally binding contracts with Welk.

26. The unfair and unlawful practices used by VO Financial have caused monetary loss to Welk and to Welk owners who have been deceived by VO Financial's schemes.

27. Due to VO Financial's interference, Welk has lost and will continue to lose thousands of dollars as Welk owners cease making payments to Welk under the mistaken belief that paying VO Financial will somehow terminate their contracts with Welk. Welk has also lost tens of thousands of dollars in future sales due to VO Financial's deceptive and fraudulent practices.

28. Welk and its owners are also deprived of the maintenance fees that go unpaid by those who fall victim to VO Financial, which reduces the funds available for property upkeep and repair.

## FIRST CAUSE OF ACTION

**(Intentional Interference with Contractual Relations – Against All Defendants)**

29. Welk realleges and incorporates by reference paragraphs 1 through 28 of this complaint as though fully set forth herein.

30. Welk sells timeshare interests, which entitle owners to use the Welk Resorts and other timeshare properties. Welk has thousands of such contracts with its owners.

31. VO Financial is aware that Welk owners have a contract with Welk and VO Financial targets Welk owners precisely because of their contractual relationship with Welk.

32. VO Financial contacts Welk owners to induce a breach of their contracts with Welk or to disrupt their contractual relationship with Welk by making false

6

statements and misrepresentations about the owners' account and/or Welk. For example, VO Financial has told some Welk owners that Welk's sales are fraudulent, that the loan terms are unlawful, and that Welk sold their personal information to VO Financial. These allegations are false. In other circumstances, VO Financial falsely suggests that it is affiliated with Welk so that it can gain the trust of Welk's owners. Indeed, VO Financial's representatives hold themselves out as investigators looking into Welk's alleged fraudulent practices with the intent of lulling the Welk owners into believing they are speaking with someone who has an association with Welk. In each case, the false statements made to Welk owners are a part of a scripted sales call.

33. VO Financial uses these false, deceptive, and illegal practices to induce Welk owners to pay VO Financial money for an alleged debt reduction scheme. But in reality, this debt reduction scheme does nothing more than put money in the pockets of VO Financial, while causing Welk owners to default on their contractual obligations to Welk. Welk does not receive any of the money that is provided to VO Financial to supposedly reduce the owner's debt to Welk. In short, this scam fleeces Welk owners out of thousands of dollars, induces broken contracts, and sours relationships between Welk and its owners.

34. VO Financial has also masqueraded as Welk's collection agency in an attempt to deceive Welk owners into directly paying VO Financial the monies that the Welk owners would have otherwise paid to Welk.

35. Even when Welk owners do not fall for VO Financial's scam, VO Financial's conduct is intentionally designed to cause Welk owners to distrust Welk, to tarnish Welk's name, and to disrupt the relationship that Welk has spent years cultivating with its owners.

36. The damage flowing from VO Financial's conduct is not limited to those owners who breach their contracts with Welk. Because so much of Welk's revenue comes from referrals and repeat business from happy Welk owners, Welk has been, and will continue to be, significantly damaged because of the confusion, distrust, and worry

that VO Financial has intentionally created among Welk's owners. This unlawful interference with Welk's relationship with its owners is willful and malicious, which entitles Welk to punitive damages.

37. As a result of VO Financial's intentional interference with Welk's contractual relations, Welk has been damaged, and will continue to be damaged in an amount to be determined at trial, but not less than $100,000.

## SECOND CAUSE OF ACTION

### (Intentional Interference with Prospective Economic Relations—Against All Defendants)

38. Welk realleges and incorporates by reference paragraphs 1 through 37 of this complaint as though fully set forth herein.

39. Welk's business is to sell timeshare interests. Welk has thousands of contracts with its existing owners, and Welk is constantly working to increase its market share. Welk owners make payments towards both the costs of the ownership investment and yearly maintenance fees. Many Welk owners also upgrade (purchase additional) points to allow them to vacation more frequently, during peak season, or to use larger units.

40. VO Financial has intentionally sought to disrupt the economic relationship between Welk and its owners by making misrepresentations about Welk's timeshare program with the intent of causing owners to terminate their contracts with Welk, forgo future upgrades, and to purchase VO Financial's "products" instead.

41. Due to the misrepresentations made by VO Financial, Welk owners are breaching their contacts with Welk or deciding not to buy Welk's products.

42. When a Welk owner terminates his or her contract with Welk, declines to finalize a planned purchase, or opts to forgo a planned upgrade, Welk suffers financial losses.

/ / /

/ / /

43.     VO Financial's wrongful conduct as alleged herein is a substantial factor in causing Welk harm. This wrongful conduct is willful and malicious, which entitles Welk to punitive damages.

44.     As a result of VO Financial's intentional interference with Welk's contractual relations, Welk has been damaged, and will continue to be damaged in an amount to be determined at trial, but not less than $100,000.

## THIRD CAUSE OF ACTION

### (Unfair Competition—Against All Defendants)

45.     Welk realleges and incorporates by reference paragraphs 1 through 44 of this complaint as though fully set forth herein.

46.     Defendants VO Financial and Does 1 through 25 inclusive and each of them are persons as defined in California Business & Professions Code section 17200 *et seq*.

47.     VO Financial engaged in unfair and unlawful acts or practices by, among other things, using false statements of fact and making misrepresentations regarding Welk's goods and services to gain an unfair advantage and unfairly compete. VO Financial is also impugning Welk's trustworthiness and deceiving Welk's customers with the intent to materially effect Welk owners' payment and purchasing decisions.

48.     Welk is informed and believes and thereon alleges that VO Financial intended to induce a breach or disrupt the contractual relationship between Welk and its owners. Once in contact with the Welk owners, Welk is informed and believes that VO Financial makes false statements and misrepresentations about Welk's business practices and privacy policies with the intent of causing Welk owners to terminate their contracts with Welk, create uncertainty, or damage Welk's reputation. For example, Welk is informed and believes that VO Financial tells owners that Welk is engaged in illegal lending practices, that Welk is under investigation for fraud, and that Welk sells its owners' information. VO Financial has also held itself out to be Welk's collection agency. These statements are false and misleading.

9

COMPLAINT

49. Welk is informed and believes that VO Financial made the false statements to damage Welk's reputation, to gain a competitive advantage in the time-share industry, and to defraud Welk owners.

50. VO Financial's use of false statements and misrepresentations as alleged herein constitute unfair and unlawful business practices within the meaning of California Business & Professions Code section 17200 *et seq.*

51. As a direct and proximate result of VO Financial's unfair and unlawful business practices, Welk has suffered an injury in fact and has lost money from Welk owners who have ceased making payments to Welk after talking with VO Financial and believing VO Financial's misrepresentations. Welk has also lost money because existing Welk owners have not referred new customers to Welk or purchased additional points from Welk due to concerns raised by VO Financial's false statements. VO Financial's false statements have also damaged Welk's reputation in the community, thereby reducing the value of its brand.

52. In accordance with California Business & Professions Code section 17203, Welk seeks injunctive relief against VO Financial to stop its unfair business practices.

53. Unless restrained by court order, VO Financial will continue to cause great and irreparable injury to Welk, continue to defame Welk's name, and continue to prey upon Welk owners. Welk has no adequate remedy at law for the injuries to its reputation and business currently being suffered.

54. As a proximate result of VO Financial's fraudulent conduct, Welk has been damaged in excess of $100,000. Welk will be further damaged so long as VO Financial is permitted to contact Welk owners and make misrepresentations about Welk.

### FOURTH CAUSE OF ACTION

**(Disparagement in Violation of the Lanham Act—Against All Defendants)**

55. Welk realleges and incorporates by reference paragraphs 1 through 54 of this complaint as though fully set forth herein.

56. In calls to Welk owners, VO Financial has made false statements about Welk's lending practices and has told Welk owners that Welk is being investigated for consumer fraud. VO Financial has also told Welk owners that Welk sells its owners' information and wrongfully accused Welk of charging "hidden fees" to those participating in its timeshare rental program. VO Financial has also claimed to be a collection agency working for Welk.

57. VO Financial makes these false statements to Welk owners in telemarketing calls meant to induce Welk owners to breach their contracts with Welk and/or to purchase VO Financial's products.

58. As part of its telemarketing efforts, VO Financial representatives are alternatively posing as Welk's collection agency, "financial analysts," and other types of client service representatives as a means of deceiving Welk owners. VO Financial is also telling Welk owners that Welk is being investigated for consumer fraud and the Welk owners are not only taking this statement to be true but believe – incorrectly – that Welk is under investigation by an authoritative body.

59. VO Financial's false statements are material and directly impact Welk's relationship with its owners. And because VO Financial is attacking the integrity of Welk's business practices, Welk believes that many more Welk owners will seek to breach their contracts or decline to purchase additional points unless VO Financial's misrepresentations cease.

60. VO Financial's telemarketing campaign is primarily based out of New Jersey, Indiana, and South Carolina. VO Financial's telemarketers in those three states have contacted Welk owners in California, Utah, and Minnesota. VO Financial's false statements about Welk are accordingly part of interstate commerce.

61. Welk has suffered an injury in fact and has lost money from owners who have terminated their contracts and stopped making loan payments to Welk after talking with VO Financial. Welk has also lost an untold number of new sales from owner

///

11

COMPLAINT

referrals and in upgrade purchases. Finally, VO Financial's claims of illegal lending and other sharp practices have harmed Welk's business reputation.

WHEREFORE, Welk prays for judgment against Defendants, as follows:

1. For a preliminary injunction and a permanent injunction enjoining Defendants and their agents from:
   a. Contacting any Welk owners;
   b. Claiming to be affiliated with Welk in any way;
   c. Claiming to be a collection agency;
   d. Defaming Welk in any way;
   e. Claiming to offer services that will eliminate Welk owners' contracts with Welk;
2. For attorney fees and costs incurred in this action;
3. Damages, to be proven at trial, but not less than $100,000;
4. Punitive damages;
5. Treble damages; and
6. For such other and further relief as the court may deem proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Welk Resort Group, Inc. demands a trial by jury of any issue triable of right by a jury.

Dated: March 8, 2013                MCKENNA LONG & ALDRIDGE LLP


By: s/Aaron T. Winn
    Aaron T. Winn
    Stefanie Warren
    Attorneys for Plaintiff
    Welk Resort Group, Inc.

US_WEST 803575058.7